Filed 4/20/22  P. v. Casco CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROGELIO OMAR CASCO,<br><br>    Defendant and Appellant. | E077836<br><br>(Super.Ct.No. FSB19002999)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Pursuant to a plea bargain, defendant and appellant Rogelio Omar Casco pled guilty to two felony counts. He admitted two counts of violating California Penal Code section[1] 288, subdivision (a), lewd or lascivious acts with a child under age 14 (counts 1 and 4).[2] In exchange for Casco's plea, the prosecutor agreed to dismiss three additional counts of violating section 288, subdivision (a), and one count of section 289, subdivision (j), sexual penetration of a person under 14. Additionally, the parties agreed that Casco would serve a 10-year prison term, consisting of the upper eight-year term for count 1, and a consecutive two-year term for count 2.[3]

At his plea hearing, Casco confirmed that he understood the agreement and its particular terms. He agreed that he had enough time to review his rights, the evidence against him, and any possible defenses with his attorney. Casco understood that both counts were strike offenses and because each count alleged separate victims, it was arguable that they were separate and distinct strike offenses. He entered his pleas and the trial court found that Casco entered his pleas voluntarily, knowingly, and intelligently. Both defense counsel and the district attorney stipulated that a factual basis existed for the plea and the court found one. The remaining counts were dismissed.

---

[1] All undesignated references are to the Penal Code.

[2] The two counts pertained to two different victims.

[3] As part of his plea, Casco also waived and gave up "any right to appeal from any motion [he] may have brought or could bring from the conviction and judgment in [his] case since [he was] getting the benefit of [his] plea bargain." Casco did not obtain a certificate of probable cause in order to pursue this appeal.

2

At sentencing, the trial court imposed the agreed amount of prison time on counts 1 and 4. Casco received credit for time served of 737 actual days and 111 days of conduct credit.

After the sentencing hearing, Casco's appellate counsel sent the trial court a letter advising that Casco should have been awarded 738 days of actual days of custody credit, not 737. The court subsequently modified the sentence to correct the error and an amended abstract of judgment was prepared to reflect the change in custody credits.

Appointed counsel filed an opening brief raising no issues. (See *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) We advised defendant that he could file a supplemental brief, and he did not do so.

We have no certificate of probable cause in this case. (See § 1237.5.) We see no basis for an appellate challenge to either the plea or sentence. (See Cal. Rules of Court, rule 8.304, subd. (b).) We have reviewed the entire record and are satisfied that defendant's attorney has fully complied with the responsibilities of counsel, and that no arguable issues exist. (See *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____<br>J.

We concur:

FIELDS _____
        Acting P. J.

MENETREZ _____
          J.